UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOANNE AUSTIN, :
:
                Plaintiff, :
: **MEMORANDUM AND ORDER**
      -against- : **ADOPTING REPORT AND**
: **RECOMMENDATION**
ADVANCE PUBLICATIONS, INC. d/b/a THE : 14-CV-4028 (DLI)(SMG)
STATEN ISLAND ADVANCE COMPANY, INC., :
JOHN GIUSTINIANI, individually, and :
ANTHONY CISTONE, individually, :
:
                Defendants. :
------------------------------------------------------------x
**DORA L. IRIZARRY, Chief United States District Judge:**

On June 27, 2014, Plaintiff Joanne Austin ("Plaintiff") initiated this proceeding against Defendants The Staten Island Advance Company, Inc. (the "Advance"), John Giustiniani ("Giustiniani"), and Anthony Cistone ("Cistone") (collectively, "Defendants"), alleging that she was harassed and discriminated against on the basis of her sex, denied reasonable accommodations for her disability, and unlawfully terminated. She brings her claims under: (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"); (2) the New York State Human Rights Law, §§ 290 *et seq*. ("NYSHRL"); (3) the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq*. ("NYCHRL"); and (4) New York State Common Law ("Common Law"). *See* Complaint ("Compl."), Dkt. Entry No. 1.

The parties appeared before United State Magistrate Judge Steven M. Gold for an Initial Conference on October 14, 2014. *See* Oct. 16, 2014 Minute Entry. At that conference, Defendants raised the issue that Plaintiff had waived her claims by signing a release. *Id*. The magistrate judge ordered discovery solely on whether Plaintiff released the claims she asserts. *Id*.

Defendants subsequently moved for summary judgment, arguing that Plaintiff executed a valid release ("the Release"), and, in any event, had ratified the Release. *See* Mem. of Law in Supp. of Def. Mot. for Sum. J. ("Def. Mot."), Dkt. Entry No. 20. Plaintiff opposed the motion. *See* Pl. Mem. of Law in Opp. to Def.'s Mot. for Sum. J. ("Pl. Opp."), Dkt. Entry No. 23. Defendants replied. *See* Reply Mem. of Law in Further Supp. of Def. Mot. for Sum. J. ("Def. Reply"), Dkt Entry No. 24.

On November 23, 2016, this Court referred the Defendants' motion for summary judgment to the magistrate judge for a Report and Recommendation ("R & R"). The magistrate judge issued his thorough and well reasoned R & R on January 3, 2017. *See* R & R, Dkt. Entry No. 27. While the magistrate judge determined that an issue of fact existed as to whether Plaintiff knowingly and voluntarily executed the Release, he nonetheless concluded that she ratified the Release, and recommended that the Court grant summary judgment on that basis. *See Id*. Plaintiff and Defendants timely filed objections to the R & R. *See* Mem. of Law in Supp. of Def. Objs. to the Mag. Judge's Jan. 3, 2017 R & R ("Def. Objs."), Dkt. Entry No. 29; Pl. Objs. to Judge Gold's R & R that Def. Mot. for Sum. J. Be Granted ("Pl. Objs."), Dkt. Entry No. 30. The parties responded to the other side's objections. *See* Mem. of Law in Opp. to Pl. Objs. to Mag. Judge Gold's Jan. 3, 2017 R & R ("Def. Objs. Resp."), Dkt. Entry No. 31; Pl. Mem. in Resp. to Def. Objs. to Judge Gold's R & R ("Pl. Objs. Resp."), Dkt. Entry No. 32.

For the reasons set forth below, the parties' objections are overruled, and the R & R is adopted in its entirety.

## **DISCUSSION**[1]

When a party objects to an R&R, a district judge must make a *de novo* determination as to those portions of the R & R to which a party objects. *See* FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. New York City Dep't of Sanitation*, No. 11-CV-5434 (CBA) (LB), 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, No. 13-CV-1729 (SJF) (AKT), 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (internal citations and quotation marks omitted). On the other hand, the Second Circuit Court of Appeals has suggested that a clear error review may not be appropriate "where arguably 'the only way for [a party] to raise . . . arguments [is] to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 520 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, No. 11-CV-9527 (AJN), 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013)). Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, No. 15-CV-517 (NGG) (RER), 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 26, 2016) (internal citation and quotation marks omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

---

[1] The Court assumes familiarity with the facts as outlined in the R & R. *See* R & R at 2-7.

3

**A.     DEFENDANTS' OBJECTIONS**

Defendants argue that the magistrate judge erred in finding issues of fact as to whether Plaintiff knowingly and voluntarily executed the Release. Specifically, Defendants challenge the magistrate judge's findings as to: (1) Plaintiff's education and business experience; and (2) the amount of time she had the separation agreement ("Agreement") and Release in her possession before signing them. *See* Def. Objs. The Court reviews these arguments *de novo*.

An individual may waive claims for discrimination so long as the waiver is "knowing and voluntary." *Pesserillo v. Nat'l Grid*, 78 F. Supp.3d 551, 555 (E.D.N.Y. 2015) (quoting *Bormann v. AT & T Commc'ns*, 875 F.2d 399, 402 (2d Cir. 1989)). In order to determine whether a release is valid under a federal civil rights statute, courts consider the totality of the circumstances, paying particular attention to:

> (1) plaintiff's education and business experience; (2) the amount of time the plaintiff had possession of or access to the agreement before signing it; (3) the role of plaintiff in deciding the terms of the agreement; (4) the clarity of the Agreement; (5) whether the plaintiff was represented by or consulted with an attorney; (6) whether the consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled by contract or law; (7) whether an employer encouraged or discouraged the employee to consult with an attorney; and (8) whether the employee had a fair opportunity to consult with an attorney.

*Laramee v. The Jewish Guild for the Blind*, 72 F. Supp.2d 357, 360 (S.D.N.Y. 1999) (citing *Bormann*, 875 F.2d at 403).

**1.   *The Magistrate Judge Properly Evaluated Plaintiff's Education and Business Experience***

Plaintiff has a General Education Diploma ("G.E.D.") and a veterinary assistant certificate obtained from an online program from Penn Foster Career School. Def. Statement of Uncontest. Facts Pursuant to Local R. 56.1 in Supp. of their Mot. for Sum. J. ("Def. 56.1"), Dkt. Entry No. 19

4

at ¶¶ 3-4; *see also* Pl. Resp. to Def. Interrogs. ("Interrogs."), Dkt. Entry No. 18-1 at No. 1.[2] This can be a sufficient level of education to uphold the validity of a release. *See Bachiller v. Turn On Prods., Inc.*, No. 00-CV-8701 (JSM), 2003 WL 1878416, at *4-5 (S.D.N.Y. Apr. 14, 2003) (holding that a plaintiff with a high school equivalency degree working as an accounts payable clerk satisfied finding the release valid).

On the other hand, Plaintiff's work experience before joining the Advance demonstrates a lack of substantial business experience. She worked as a: (1) "Dining Room Attendant" at Panera Bread; (2) Ticket Taker at Roller Jam USA; (3) Housekeeper at Best Western Hotel; (4) "Helper" at Country Estate Kennels; (5) general employee at Yogurt Berry; and (6) Cashier/Stockperson at Dollar Tree. *See* Pl. Local R. 56.1 Counter-Statement of Mat. Facts ("Pl. 56.1"), Dkt. Entry No. 22 at ¶ 5; Aff. of Joanne Austin in Supp. of Pl. Opp. to Def. Mot. for Sum. J. ("Austin Aff."), Dkt. Entry No. 21 at ¶ 4.[3] Plaintiff was terminated from only one of these jobs, and she did not receive a severance payment. Jan. 7, 2015 Dep. Tr. of Joanne Austin ("Austin Tr."), Dkt. Entry No. 18-1 at 20:13-21:23, 23:18-25.[4] A lack of sophisticated business experience coupled with Plaintiff's education leads this Court to conclude that there is a genuine issue of material fact, however slight, as to whether Plaintiff understood the significance of the Release. Indeed, as the magistrate judge correctly noted, while a plaintiff need not have a higher education degree to knowingly and validly execute a waiver, generally courts have found the waiver enforceable only when such a plaintiff has had more extensive business experience than Plaintiff. *See* R & R at 11 (collecting cases).

---

[2] Plaintiff's Interrogatories are annexed to the Affidavit of David S. Greenhaus in Support of Defendants' Motion for Summary Judgment ("Greenhaus Aff."), Dkt. Entry No. 18, as "Exhibit B."

[3] Plaintiff's Affidavit is annexed to the Declaration of Gregory W. Kirschenbaum, Esq. in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment, Dkt. Entry No. 21, as "Exhibit A."

[4] Plaintiff's Deposition Transcript is annexed to the Greenhaus Aff. as "Exhibit C."

Consequently, Defendant's objection on this point is overruled and the Court adopts the recommendation of the magistrate judge.

### 2. *The Magistrate Judge Properly Found an Issue of Fact as to the Amount of Time Plaintiff Had the Agreement and Release Before Signing Them*

There is a material fact in dispute as to the amount of time Plaintiff had the Release and Agreement in her possession before signing them. Defendants maintain that Plaintiff was given the Release on November 15, 2013 and signed it on November 18, 2013, as stated in the Complaint and Plaintiff's Interrogatory Responses. Def. Objs. at 6; *see also* Def. 56.1 at ¶¶ 8-10. Three days would be sufficient for Plaintiff to consider the terms of the documents and support a finding of validity. *Lambertson v. Kerry Ingredients, Inc.*, 50 F. Supp.2d 163, 169 (E.D.N.Y. 1999) (finding twenty-four hours to be sufficient time to review an agreement).

Plaintiff seemingly changed the position originally stated in her Complaint and Interrogatory Responses, claiming in both her deposition and affidavit opposing Defendants' motion for summary judgment, that she was given the Agreement and Release on November 18, 2013, and signed it during a fifteen-minute meeting. *See* Def. Objs. at 6-7; *see also* Austin Aff. at ¶ 10; Austin Tr. at 81:23-82:5. She repeatedly insisted that she signed the documents the day she received them. *See* Austin Tr. at 46:2-8, 46:16-17, 47:24-48:8, 48:16-17, 53:7-13, 55:12-14. If Plaintiff's amended version of the facts is correct, then the Court could find the Release invalid due to a lack of voluntariness. *See Kristoferson v. Otis Spunkmeyer, Inc.*, 965 F. Supp. 545, 547 (S.D.N.Y. 1997) (finding a fifteen-minute meeting, where the plaintiff was surprised and unable to consult with counsel before signing, reason to invalidate the release). Defendants urge the Court to disregard Plaintiff's affidavit and deposition testimony, and rely instead on the Complaint and Interrogatory Responses. Def. Objs. at 5-8.

The Second Circuit has stated that "a district court generally 'should not weigh evidence or assess the credibility of witnesses.'" *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 104-05 (2d Cir. 2011) (quoting *Hayes v. New York City Dep't of Corrs.*, 84 F.3d 614, 619 (2d Cir. 1996)). However, "in the rare circumstance where the plaintiff relies almost exclusively on [her] own testimony, much of which is contradictory and incomplete, it will be impossible for a district court to determine whether 'the jury could reasonably find for the plaintiff,' and thus whether there are any 'genuine' issues of material fact, without making assessments of the plaintiff's account." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). However, "if there is a plausible explanation for discrepancies in a party's testimony, the court considering a summary judgment motion should not disregard the later testimony because of an earlier account that was ambiguous, confusing, or simply incomplete." *Id*. at 555 n.2 (internal citations and quotation marks omitted). Such credibility assessments should be reserved for "extraordinary cases, where the facts alleged are so contradictory, that doubt is cast upon their plausibility . . . ." *Rojas*, 660 F.3d at 106 (internal citations and quotation marks omitted).

Here, Plaintiff's deposition testimony seemingly is inconsistent as to the date she received the documents, but not to the extent that the perceived contradictions cast doubt upon its plausibility. As the magistrate judge accurately observed, Defendants' arguments mischaracterize the Complaint and Interrogatory Responses; in both of those documents, she stated that she received the documents "on or about November 15, 2013." R & R at 13-14; *see also* Compl. at ¶ 40; Interrogs. at No. 3. In light of such an approximation in an argument concerning the span of three days, the Court rejects Defendants' argument that Plaintiff's testimony is so utterly inconsistent that it is facially implausible. Def. Objs. at 8.

7

**B.     PLAINTIFF'S OBJECTIONS**

Plaintiff's objections are that the magistrate judge erred in: (1) finding that any attempted repudiation came too late; (2) failing to consider Plaintiff's misunderstanding as to what the 'severance' payment was for;" and (3) "simply dismiss[ing] Plaintiff's offer to return the payment." Pl. Objs. at 1-4. These three objections are simply different ways of attacking the magistrate judge's finding that Plaintiff did not repudiate and, indeed, ratified the Release. The Court conducts its own analysis *de novo*.

An otherwise invalid release is not automatically void, but voidable, and still may be ratified by the parties. *Rivera v. Sovereign Bank*, 976 F. Supp.2d 270, 289 (E.D.N.Y. 2013) (citing *Clark v. Buffalo Wire Works Co.*, 3 F. Supp.2d 366, 372 n.5 (W.D.N.Y. 1998)). "If the releasing party does not promptly repudiate the contract or release, [they] will be deemed to have ratified it." *VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 122-23 (2d Cir. 2001). "A party may ratify a contract or release . . . by intentionally accepting benefits under the contract, by remaining silent or acquiescing in the contract for a period of time after he has the opportunity to avoid it, or by acting upon it . . . ." *Id*. at 123 (internal citations and quotation marks omitted). As this Court has cautioned in the past, "'[i]n order to avoid a finding of ratification where consideration has been paid, *it is essential* that the releaser tender back the sum received.'" *Cheung v. New York Palace Hotel*, No. 03-CV-0091 (DLI) (WDW), 2005 WL 2387573, at *4 (E.D.N.Y. Sept. 28, 2005) (quoting *Brown v. City of S. Burlington, Vt.*, 393 F.3d 337, 344 (2d Cir. 2004)) (emphasis added). "[T]he rule requiring the return of consideration before a contractual release may be rescinded is controlling." *Id*.

Here, the magistrate judge found that, shortly after signing the Release in November 2013, Plaintiff retained counsel who would have explained the significance of the Release and its terms. R & R at 17; *see also* Austin Tr. at 94:14-15. This is undisputed. *See generally*, Pl. Objs. Also

8

undisputed is that Defendants gave Plaintiff $2,080.00 in exchange for executing the Release, which payment Plaintiff retained. *See Id*. Despite these undisputed facts, Plaintiff contends that filing her EEOC Complaint and, alternatively filing the present action, were effective methods of repudiating the Release. *Id*. at 1-2. The Court rejects these arguments in short order.

First, if a plaintiff retains the consideration paid after executing a release, "filing an EEOC charge does not prevent ratification." *Rivera*, 976 F. Supp.2d at 289 (internal citations omitted); *see also Nicomedez v. AIG*, No. 12-CV-490 (KBF), 2012 WL 5264560, at *4 (S.D.N.Y. Oct. 16, 2012). Second, while Plaintiff is correct that the delay between signing the Release and filing this action was actually seven months and not "more than a year" as the magistrate judge wrote, that error is harmless. *See* R & R at 17; Pl. Objs. at 1-2. Plaintiff swiftly secured counsel after signing the Release, and for approximately seven months, she was no longer under duress and had time to review the documents. On these facts, the Court finds that the seven-month delay is too long to be considered "prompt." *See VKK Corp.*, 244 F.3d at 123 (noting that "[d]elays as short as six months have been held to constitute forfeiture" of claims challenging a release) (internal citations omitted).

As for ratifying the Release, there is no dispute that Plaintiff has not returned the money received in exchange for executing it. *See generally* Pl. Objs at 3-4. Plaintiff contends that she has "offered to unconditionally return the" consideration received, but "Defendants have not sought return of the funds in order to argue this" point. Pl. Objs. at 4. However, Defendants do not have an affirmative obligation to demand that Plaintiff return the consideration she received. *Frumkin v. Int'l Bus. Machs. Corp.*, 801 F. Supp. 1029, 1044 (S.D.N.Y. 1992). This is logical, given that such an affirmative duty would demand that Defendants subvert their own defense in order to help Plaintiff repudiate the Release and proceed to litigation. Furthermore, Plaintiff mischaracterizes the alleged "offer." The only indication of an offer from Plaintiff appears in her deposition:

9

> Q: Did you ever return that payment you received to the Advance?
>
> A: No, but I can.

Austin Tr. at 96:5-7; *see also* Pl. Objs. at 4. This exchange does not support Plaintiff's contention that she made an offer to return the consideration. Indeed, she does not cite to any precedent suggesting that, after litigation has begun, during a deposition, she may state that she "can" return the consideration, and thereby avoid ratifying the Release. *See* Pl. Objs. at 3-4.

In light of the foregoing, the Court finds that Plaintiff did not promptly act to repudiate, and, in fact, ratified, the Release. Accordingly, the Court overrules Plaintiff's objections and adopts the magistrate judge's recommendation that Defendant's motion for summary judgment be granted on the basis that Plaintiff ratified the Release.

## **CONCLUSION**

Upon due consideration and review, as discussed above, and including those portions of the R & R to which the parties did not object, the recommendations contained in the R & R are adopted in their entirety. Accordingly, Defendants' motion for summary judgment is granted on the ground that Plaintiff ratified the Release absolving Defendants of liability for the alleged claims. As such, the Complaint is dismissed.

SO ORDERED.

Dated: Brooklyn, New York
March 31, 2017

/s/
DORA L. IRIZARRY
Chief Judge